UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMOFI MASTER LDC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Jerrold Pressman, et al.,<br><br>Defendants.<br><br>and<br><br>U.S. Aerospace, Inc.,<br><br>Nominal Defendant. | CASE NO. CV 11-4574-JLS (SPx)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DIRECTING THAT DEFAULT BE ENTERED AGAINST CERTAIN DEFENDANTS** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file and the Report and Recommendation of the United States Magistrate Judge on Plaintiffs' Motion for Sanctions. (Doc. 348.) Further, the Court has engaged in a de novo review of those portions of the Report to which certain Defendants have objected. Specifically, Defendants Charles Arnold, Daisy Rodriguez, KC-X American Aerospace, LLC, and TUSA Acquisition Corp. argue that as innocent clients kept "in the dark" from their attorney's misconduct, they should not be subject to terminating sanctions. (*See* Doc. 365.) For the following reasons, these objections do nothing to invalidate the Magistrate Judge's determination that such sanctions are warranted here.

1    First, the Ninth Circuit has made clear "[t]here is certainly no merit to the
2 contention that dismissal of [a party's] claim because of his counsel's unexcused
3 conduct imposes an unjust penalty on the client." *See Toth v. Trans World Airlines,*
4 *Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (quoting *Link v. Wabash Railroad Co.*,
5 370 U.S. 626, 633 (1962)).  The Defendants here "voluntarily chose [their] attorney
6 as [their] representative in th[is] action, and [they] cannot now avoid the
7 consequences of the acts or omissions of this freely selected agent." *Id.* (quoting
8 *Link*, 370 U.S. at 633-34).  Second, upon reviewing the records on file, it appears
9 that these Defendants were aware of their attorney's misconduct before Plaintiffs
10 filed their motion for sanctions.  The Court therefore finds no reason to challenge
11 the Magistrate Judge's determination.  Nor do the objections of the other affected
12 Defendants, which speak to the five-factor framework of terminating sanctions,
13 (Doc. 367), alter the Court's conclusion.  Accordingly, the Court accepts the
14 findings and recommendation of the Magistrate Judge.

15    IT IS THEREFORE ORDERED that: (1) Plaintiffs' Motion for Sanctions
16 (Doc. 324) is granted; and (2) default be entered pursuant to Rule 37(b)(2)(A)
17 against defendants Michael Goldberg, Kenneth Koock, Charles Arnold, John C.
18 Kirkland, ADI, Richard Berkshire, TUSA, Daisy Rodriguez, KC-X, and the Estate
19 of Richard Fixaris.

23 DATED: January 26, 2016   _____
                             HONORABLE JOSEPHINE L. STATON
                             UNITED STATES DISTRICT JUDGE